Moncrief, J.
There is no question that, on or about the 25th July, 1854, the defendant,'being the manager of a theatre in the city of New York, entered into an agreement with the plaintiff for his services as a performer in such theatre from the 9 th of October, 1854, to the 1st day of June, 1855, or until the time of the closing of the theatrical season of that year; the plaintiff, by the terms of such agreement, promising to play during four successive terms, of four weeks each, between the said 9th day of October and the time of the closing of such theatrical season, with an interval of four weeks intervening between each of said terms; the commencement of each of said terms to be fixed and appointed by the defendant and notice thereof given to the plaintiff. Nor is there any dispute that this agreement was, subsequently, and about September, 1854, modified by the defendant, at the request of the plaintiff, whereby the plaintiff was permitted to go to New Orleans on or about the 1st of January, 1855, to be absent until on or about the 1st of March following. This, substantially, is alleged in the complaint, stated in the answer, and found by the Referee.
The plaintiff commenced his service under this agreement on the 9th of October, 1854, and performed for two weeks. At about the end of this two weeks he proposed to the defendant that said first term, which the plaintiff was then playing, should bo divided into periods of two weeks each; that, at the expira-: 'tion of said second week, he should discontinue playing at said theatre, but should return and play the remaining two weeks of said term, so as to complete the same just prior to his departure for New Orleans on or about the 1st day of January, 1855; and the defendant assented thereto.
This finding of the Referee' is sustained, and is substantially, in respect to the terms of the modification, as testified to by the plaintiff himself.
There was no other or different agreement or understanding between the parties with reference to the performance by the plaintiff of the last two weeks of the first term, under the original agreement.
*518 The plaintiff never tendered his services, or performed further or other than said two weeks under his - agreement, and now claims that he .was entitled to notice from the defendant of the time when he should commence the performance thereof. No such notice was given. The only question discussed upon the argument, and, it would seem, from the conclusions of fact and of law found by the Referee, that the only question in the case is, whether or not the plaintiff was entitled to such notice, or was •bound to tender his services at such reasonable time as to be enabled to complete the first term of four weeks, just prior to the 1st of January, 1855, according to the contract as modified in October, 1854.
The plaintiff had fixed and determined for himself, by his own proposition and the defendant’s acceptance of it, the time of the commencement of the last two weeks of his first term. The defendant had given notice to the plaintiff of the commencement of the first term, and the plaintiff began his performance of it, but, before completion, sought and obtained leave to make a different arrangement. He fixed, by that arrangement, the period for commencing the performance of this unfinished term, as he states in his evidence, by proposing to “divide that four weeks into engagements of two weeks each; that is, to perform two weeks, then go into the country and stay two weeks, and then to return and play two weeks.” Again, he says: “I propose to divide this four weeks’ engagement, play two weeks of it now, and return time enough before the 1st of January to play two weeks, then play those two weeks,” &c. This latter statement does not materially vary from the fact as found by the Referee; and the first statement has a specified time assigned. According to that, after an interval of two weeks he was to return and play: by the latter, it was left optional to the convenience of the plaintiff at. what time he should return, so long as he returned time enough to play the two weeks before the 1st of January. The plaintiff was bound to have returned and played, or tendered his services to play, the unfinished portion of his term, without notice from the defendant; and.not having so done, he not only has no claim upon the defendant in respect to that two weeks, but he thereby committed a breach of his agreement and became liable to the defendant for his damages sustained thereby.
*519 The agreement had b.een reconstructed at the request of the plaintiff. At first, he was bound to have performed four weeks commencing in October, and other four weeks in-.each of the months of December, February, March and May. It was modified in September, by the plaintiff obtaining permission to be absent eight weeks from about January 1st to March 1st, 1855; and again changed so that, as it stood at the completion of two • weeks’ servicé, the plaintiff had excepted the December and February terms or periods of service, and left unfinished half of • the first term. This modification of the original contract would seem, necessarily, to require from the plaintiff an offer to perform, and to relieve the defendant from giving notice of a time when his services should commence. The plaintiff had received notice of the commencement of the first term, and was bound to complete it without further notice, unless he expressly stipulated to the. contrary; and there is no such provision in the agreement of October, 1854, but, on the contrary, that, substantially, fixes the middle of December as the time when the plaintiff would return and complete it. The plaintiff having broken his agreement in not returning and completing the first term, and never afterwards offering or tendering his services to the defendant in fulfillment thereof,- the defendant had a right to treat the contract as broken by the plaintiff, and was not bound to employ him in April or June, and is not liable by reason of not having notified him to perform a term in each of those months.
The damages found by the Referee were awarded as compensation to the defendant for the non-performance by the plaintiff for the residue of the first term; and his finding is sustained by the. evidence.'
After an examination of the whole case, I am of opinion that the conclusions of fact and of law, as found by the Referee, are correct, and should be sustained. The judgment, therefore, must be affirmed, with costs.
. Bosworth, Ch. J., and Hoffman, J., concurred in the conclusions stated in the opinion of Moncrief, J.
Judgment affirmed.